988 F.2d 120
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Sonia LEZCANO-CHAVARRIA, Petitioner,
v.
U.S. IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 No. 91-70113.
 United States Court of Appeals, Ninth Circuit.
 Submitted Jan. 14, 1993.*
Decided Feb. 19, 1993.
 
 Petition to Review a Decision of the Immigration and Naturalization Service; No. Anr-tpg-laf.
 I.N.S.
 VACATED AND REMANDED.
 
 
 1
 Before SCHROEDER and BRUNETTI, Circuit Judges, and KING,** District Judge.
 
 
 2
 MEMORANDUM***
 
 
 3
 Petitioner Sonia Lezcano-Chavarria seeks review of the Board of Immigration Appeals' ("BIA") dismissal of her application for asylum. The BIA took administrative notice of the change of government in Nicaragua and concluded that petitioner therefore had no well-founded fear of persecution from the Sandinistas. We recently held that the BIA may not take administrative notice on this issue without giving petitioner adequate warning and an opportunity to be heard. Castillo-Villagra v. I.N.S., 972 F.2d 1017 (9th Cir.1992). We must reach the same result here.
 
 
 4
 We also reverse and remand the BIA's denial of petitioner's claim of past persecution. The BIA's decision in this regard runs afoul of this circuit's prohibition of "boilerplate opinions." Castillo v. I.N.S., 951 F.2d 1117 (9th Cir.1991). In Castillo we held that the BIA's opinion "must state with sufficient particularity and clarity the reasons for denial of asylum." Id. at 1121. A review of the record in this case (and others that accompany it) demonstrates that the BIA failed to abide by Castillo's mandate.
 
 
 5
 However, we affirm the Board's denial of petitioner's motion to reopen. Petitioner entered the United States on July 30, 1982. She was placed in deportation proceedings on August 2, 1982. She sought political asylum under § 208(a) of the Immigration Act, 8 U.S.C. § 1158(a), withholding of deportation under § 243(h) of the Act, 8 U.S.C. § 1253(h), and in the alternative voluntary departure under § 244(e) of the Act, 8 U.S.C. § 1254(e). The Immigration Judge denied the application for asylum and withholding of deportation on November 16, 1988. The BIA affirmed the decision of the IJ on October 1, 1990. Petitioner moved to reopen the deportation proceedings on October 25, 1990. The BIA denied the motion to reopen on January 29, 1991.
 
 
 6
 "Motions to reopen shall state the new facts to be proved at the reopened hearing and shall be supported by hardship and separation from family are insufficient in themselves to constitute a claim of extreme hardship. See Hassan v. I.N.S., 927 F.2d 465 (9th Cir.1991).
 
 
 7
 The petition for review is GRANTED; the order for deportation is VACATED; cause REMANDED.
 
 
 
 *
 The panel finds this case appropriate for submission without argument pursuant to Fed.R.App.P. 34(a) and Ninth Circuit Rule 34-4
 
 
 **
 Honorable Samuel P. King, Senior U.S. District Judge for the District of Hawaii, sitting by designation
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3